IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH PATRICK MCMULLIN,

        **Petitioner,**

**v.**
                                **Civil Action No. 1:16cv227**
                                **(Judge Keeley)**

JENNIFER SAAD, Warden,

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On December 2, 2016, the *pro se* Petitioner, Joseph Patrick McMullin ("McMullin"), an inmate then-incarcerated at FCI Gilmer in Glenville, West Virginia,[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his Armed Career Criminal Act ("ACCA") sentence enhancement in light of the United States Supreme Court's recent decision in Johnson v. United States.[2] Pursuant to a Notice of Deficient Pleading issued by the Clerk of Court, on December 12, 2016, Petitioner paid the $5.00 filing fee.  ECF No. 5. On March 15, 2017, Magistrate Judge James E. Seibert conducted a preliminary review of the file, determined that summary dismissal was not appropriate at that time, and directed the Respondent to answer the petition. ECF No. 6. On March 21, 2017, the Respondent filed a Motion to Dismiss and Response to Order to Show Cause with a memorandum in support.  ECF Nos. 7 & 8.  Before the Court had an opportunity to issue a Roseboro Notice,  on April 11, 2017, Petitioner filed a response in opposition. ECF No. 10.

---

[1] Petitioner is presently incarcerated at FCI Fort Dix in Fort Dix, New Jersey.

[2] Johnson v. United States, 135 S. Ct. 2551 (2015).

By Order entered on September 15, 2017, this case was reassigned from Magistrate Judge James E. Seibert to the undersigned.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. Factual and Procedural History[3]

### A. Conviction and Sentence

On May 16, 2011, in the United States District Court for the Eastern District of Michigan, a Criminal Complaint was filed against Petitioner in Case No. 2:11cr20345. ECF No. 1. On May 26, 2011, the grand jury returned a one-count indictment against Petitioner, charging him  with being a felon in possession of a firearm, in violation of  18 U.S.C. § 922(g)(1).

On June 4, 2012, pursuant to a written plea agreement containing a waiver of the right to file a direct appeal,[4] Petitioner pled guilty to the charge. See ECF No. 37 & 38.  On September 10, 2012, and continuing on September 27, 2012, the sentencing Court conducted sentencing hearings; Petitioner was sentenced to 180 months of imprisonment, the minimum sentence mandated under the ACCA, to be followed by four years of supervised release.  See ECF No. 44 at 2 - 3; see also ECF No. 83 at 1.

### B. Appeal

Although Petitioner did not file a direct appeal, he did appeal the denial of his motion to suppress to the Sixth Circuit Court of Appeals; the District Court's decision was affirmed on January 23, 2014. ECF No. 58.

---

[3] The facts are taken from the Petitioner's criminal Case No. 2:11cr20345 in the United States District Court for the Eastern District of Michigan, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[4] The plea agreement did permit an appeal of the sentencing court's denial of Petitioner's motion to suppress. See ECF No. 38 at 2.

C. **Motion to Vacate**

On September 8, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court, an Amended Motion to Vacate on October 31, 2014, and a second Amended Motion to Vacate on July 17, 2015, raising Johnson. ECF Nos. 61, 69, & 80. In his § 2255 motion, *inter alia*,[5] Petitioner argued that the sentencing Court erred by sentencing him to the ACCA's fifteen-year mandatory minimum, because he had no prior convictions that meet the ACCA's definition of "violent felony." Id. at 5. The District Court held that, regardless of whether any of Petitioner's prior convictions were violent felonies, Petitioner still had three prior convictions that met the ACCA's definition of serious drug offenses, a fact that Petitioner did not dispute. Id. at 6. The District Court also noted that despite Plaintiff's argument to the contrary, because  Johnson v. United States only struck down the "residual clause" of the ACCA, not the "serious drug offense" definition, Johnson was irrelevant to Petitioner's case. Id., n1. Accordingly, the Court found that there was no error by applying the ACCA's mandatory minimum.  Id.

Petitioner sought a certificate of appealability in the Sixth Circuit, which was denied by Order entered June 1, 2016. ECF No. 86. In his application, Petitioner reasserted his claim that his sentence was improperly enhanced because he had no prior convictions that meet the ACCA's definition of "violent felony," and sought relief under Johnson. Id. at 2. The Sixth Circuit's Order held that "[j]urists of reason could not disagree with the district court's resolution of McMullin's ACCA claim" and that Petitioner's sentence had been "properly enhanced under

---

[5] Petitioner again challenged the motion to suppress evidence obtained during the stop/frisk already litigated in his appeal of the denial of the District Court's motion to suppress, and raised four grounds of ineffective assistance of trial and appellate counsel, for counsel's failure to: challenge the ACCA mandatory minimum sentence; challenge the Probation Department's calculation of his criminal history points; present any argument in a reply brief; and to keep him apprised of the status of his appeal. Id. at 4 & 7 – 8.

the ACCA" because of his prior convictions for "serious drug offenses." Id. The Order further

noted that the holding in Johnson "does not apply to McMullin's sentence." Id. at 3.

### III. Contentions of the Parties

**The Petition**

The Petitioner raises four grounds for relief in his petition, which, for clarity and

conciseness, have been condensed into two here:

1) he suffered a due process violation when one of his predicate convictions was changed
to possession with the intent to deliver less than 50 grams of cocaine, at the denial of his § 2255
motion, after the original charge was negated by the Supreme Court's decision in Johnson, and
he was not given the opportunity to challenge the change; and

2) he was sentenced beyond the statutory maximum for the § 922(g) offense by being
deemed an Armed Career Criminal, resulting in an illegal sentence, because his predicate
convictions and/or instant offense do not meet the criteria of the ACCA statute.

ECF No. 1 at 6 – 7.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his

detention because he only learned that the sentencing court had adopted a new charge in addition

to the three known predicate convictions when his § 2255 motion was denied; although he

attempted to appeal the issue, he was denied a certificate of appealability. Id. at 10.

As relief, the Petitioner requests that this Court "use its power to correct the wrongful

sentence . . . to adjust . . . [it] to the unenhanced sentence for 922(g) that the petitioner should be

serving." Id. at 9.

### B. Respondent's Motion to Dismiss

In its dispositive motion, the respondent asserts that McMulllin's § 2241 petition should

be dismissed because Petitioner's claim challenges the legality of his federal sentence itself as

imposed, not the computation of his sentence, and such claims must normally be raised on

appeal, or raised by filing a § 2255 motion in the sentencing court. ECF No. 8 at 3. Respondent

further argues that Petitioner's claims are barred because they cannot meet the stringent standard set by the Fourth Circuit in In re Jones.[6] Id. at 4.  Respondent notes that Petitioner fails to state facts which could satisfy the Jones test, and cannot, because he cannot allege that the conduct for which he was convicted is no longer a crime, as violations of 18 U.S.C. 922(g)(1) continue to be criminal acts. Petitioner only challenges his enhanced sentence, not his underlying conviction, but the Fourth Circuit confines the use of the savings clause to "instances of actual innocence of the underlying offense of conviction, not just innocence of a sentencing factor." Id.

## C. Petitioner's Response in Opposition

Petitioner reiterates his arguments in support of his claims and attempts to refute the Respondent's on the same. For the first time, he raises an argument under Mathis v. United States,[7] contending that his predicate conviction for possession of cocaine with intent to deliver less than 50 grams does not meet the criteria for the ACCA. ECF No. 10 at 3.

## IV. Standard of Review

## A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

---

[6] In re Jones, 226 F.3d 328 (4th Cir. 2000).

[7] Mathis v. United States, 136 S.Ct. 2243 (2016).

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93 - 94 (2007)(*per curiam*). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. Analysis

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[8] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner's reliance on Johnson is unavailing. As an initial note, even if Johnson were applicable to Petitioner's situation, his Johnson claim is untimely raised.[9]  In Johnson, the Supreme Court struck the residual clause of the ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson v. United States, 135 S.Ct.

---

[8] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 623 (1998).

[9] The one year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expired on June 26, 2016.

2551, 2555-57 (2015). The only portion of the ACCA that was invalidated was the residual clause defining "violent felony" as any crime punishable by more than one year in prison "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . " 18 U.S.C. § 924(e)(2)(B)(ii). The provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive . . ." remain in full force and effect as well. 18 U.S.C. § 924(e)2)(B). It is only a very narrow portion of the definition of "violent felony" that has been held unconstitutional.  Petitioner's ACCA predicate convictions[10] did not fall under the "residual clause," thus, they were unaffected by the Johnson decision, as Petitioner has previously been advised by both the sentencing court [see E.D. Mich. Case No. 2:11cr20345, ECF No. 83 at 6] and the Sixth Circuit Court of Appeals. See E.D. Mich. Case No. 2:11cr20345, ECF No. 86 at 3.

Finally, Petitioner's reliance on Mathis (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[11] is misplaced, because Mathis

---

[10] Petitioner's predicate convictions for the ACCA enhancement are: a 1996 conviction for possession with intent to distribute cocaine less than 50 grams; another 1996 conviction for delivery of cocaine less than 50 grams; and a 2002 conviction for delivery/manufacture of heroin less than 50 grams. See E.D. Mich. Case No. 2:11cr20345, ECF No. 83 at 5. Michigan law provides that a conviction for manufacturing, delivering, or possessing with intent to distribute less than 50 grams of a controlled substance is punishable by twenty years of imprisonment. MICH. COMP. L. § 333.7401(2)(a)(iv). Accordingly, the prior convictions qualify as "serious drug offense" convictions. See United States v. Jordan, 509 F. App'x 532, 535 (6th Cir. 2013) (stating that convictions under Michigan Compiled Laws § 333.7401(2)(a)(iv) qualify as ACCA predicate convictions).

[11] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to Mathis, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also Taylor v. United States, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in Mathis, but added that, because the inquiry focused on the

9

does not announce a new rule of law and is irrelevant to the determination of whether Petitioner can assert his claims under § 2241, thus, Petitioner cannot meet the second prong of In re Jones.

Although petitioner raises a savings clause argument, it is clear that he is not entitled to its application. Petitioner nowhere alleges that he is actually innocent of the crime for which he was convicted; rather, he only challenges the sentence imposed by the court. Even if petitioner satisfied the first and third elements of Jones, his violation of 18 U.S.C. §§ 922(g) remains a criminal offense. Because Petitioner has not satisfied the requirements of § 2255's savings clause, under Fourth Circuit precedent, Petitioner is unable to seek relief under § 2241.[12]

Therefore, because Petitioner clearly attacks the validity of his sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a §2241 petition.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 7] be **GRANTED** and that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of

---

generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. Id.

[12] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. See Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits. Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above.

such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

This Report and Recommendation completes the referral from the district court.  The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: January 11, 2018

/s/ *Michael J. Aloi*

MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE